Fuld, J. (dissenting).
I agree with the court that the advertising practices charged against the defendants were wrongful and offensive, but I cannot agree that they were rendered criminal by section 421 of the Penal Law. That statute declares, in essence, that a person
who, “ with intent to sell * * * merchandise,” publishes an advertisement or makes a statement, “ regarding [the] merchandise * * * so offered,” which is “ untrue, deceptive or misleading,”
is guilty of a misdemeanor. Reasonably read, the section condemns false advertising concerning the merchandise offered for *478 sale-, as its language makes clear, its purpose is to protect the public against advertisements calculated to deceive customers as to qualities and values of the advertised article in order to induce them to purchase it. Section 421 does not, in terms or by any reasonable construction, encompass a case of advertising where the intent of the advertiser is not to sell the merchandise offered.
In the case before us, it is conceded that no false or deceptive statement was made regarding the merchandise, the $29.50 sewing machine, which had been advertised; in fact, the court acknowledges that the defendants “ had no intention of making any sales of [such] advertised machines ” (opinion, p. 468).
Bait advertising — the sort designed to lure customers into exposing themselves to the efforts of the advertisers to sell merchandise other than that offered by the advertisement— is without doubt highly reprehensible, but it rests with the Legislature, not the courts, to create and define crimes. The simple fact is that until 1958, more than two years after the defendants herein had been convicted, there was nothing on the statute books prohibiting bait advertising. In that year, Governor Harriman, in his Message to the Legislature, observing that, ‘[1] As various district attorneys have indicated publicly, the present Penal Law does not give them adequate authority to prosecute those who cheat consumers by means of vicious sales promotional practices ** * * [such as] bait advertising, where products are advertised for sale at a price at which the seller has no intention of selling,” recommended legislation to fill the legislative void. (N. Y. State Legis. Annual, 1958, p. 381, italics supplied.) A bill was subsequently introduced and, favorably acted on by the Legislature, became section 396 of the General Business Law (L. 1958, ch. 849).[1]
In short, the defendant’s advertising practices, wrongful though they may have been, were not made a crime by section 421. The judgment should, therefore, be reversed and the information dismissed.
*479 Judges Desmond, Dye, Froessel and Van Voorhis concur with Chief Judge Conway; Judge Fuld dissents in an opinion in which Judge Burke concurs.
In each action: Judgment affirmed.